UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :
                                  :
V.                                :          CASE NO.: 1:20-CR-00104-JJM-PAS
                                  :
HIMANSHU ASRI                     :

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Himanshu Asri, by and through counsel, submits this memorandum to aid the Court with imposing a sentence that is "sufficient, but not greater than necessary" to achieve the statutory sentencing purposes of 18 U.S.C. § 3553 (a).   For the reasons articulated below, he asks the Court to impose a sentence of 24 months.[1]

### I.    BACKGROUND

On January 3, 2020, the government filed a Criminal Complaint charging Mr. Asri with (1) Wire Fraud, in violation of 18 U.S.C. § 1343; (2) Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; and (3) Telemarketing or Email Marketing Fraud, in violation of  18 U.S.C. § 2326.  He was arrested by federal authorities in the Northern District of California on January 21, 2020, upon his arrival to the United States.[2]  He initially appeared before the U.S. District Court for the Northern District of California that same day, waived identification and detention hearings, and was ordered detained pending his presentment before the U.S. District Court for the District of Rhode Island.[3]   On February 27, 2020, he appeared before this Honorable Court, waived his right to a preliminary examination, and consented to his continued pretrial detention.[4]

---

[1] Mr. Asri was initially arrested in California pursuant to a warrant on January 21, 2020.  As of the date of his sentencing hearing, April 15, 2021, he will have served a total of 451 days or approximately 15 months in jail. https://www.timeanddate.com/date/durationresult.html?m1=01&d1=21&y1=2020&m2=04&d2=15&y2=2021&ti=on.
[2] PSR, ¶.1.
[3] *Id.*
[4] PSR, ¶.2.

On November 20, 2020, with Mr. Asri's assent, the government filed a Criminal Information charging him with one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.[5]  He appeared before the Court on December 3, 2020, for both his arraignment and a change of plea hearing.[6]  Pursuant to a plea agreement with the government, Mr. Asri waived his right to indictment by a grand jury and pleaded guilty to the charged offense.[7]  The Court accepted his plea and adjudged him guilty.[8]  Mr. Asri is scheduled for sentencing on April 15, 2021.

U.S. Probation issued its final presentence report (PSR) on March 15, 2021.  The Defense does not have any objections to the final PSR.  Mr. Asri falls into Criminal History Category I and has a total offense level of 26, which results in an advisory U.S. Sentencing Guidelines (USSG) range of 63 to 78 months.[9]  Though the Defense does not concede that a sentence within the guidelines range is reasonable or appropriate in this case, it does not object to the sentencing guidelines calculation proposed by Probation.

## II.    SENTENCING FACTORS AND CONSIDERATIONS

The District Court is required to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment set forth in 18 U.S.C. § 3553 (a). *United States v. Booker*, 543 U.S. 220 (2005).  Sentencing should begin with a calculation of the applicable sentencing guidelines range.  *Gall v. United States*, 128 S. Ct. 586, 596 (2007) (*citing Rita v. United States*, 127 S. Ct. 2456, 2480 (2007)).  The guidelines calculation is a starting point and initial benchmark for the Court to consider, however, it is not the only sentencing consideration.  *Id.*

---

[5] PSR, ¶.3.
[6] PSR, ¶.4.
[7] *Id.*
[8] *Id.*
[9] PSR, ¶.57.

A Court may not presume the guidelines range is reasonable but must make an individualized assessment of each defendant based upon the facts presented in each case. *Gall,* 128 S. Ct. at 597. After both parties are afforded an opportunity to argue for whatever sentence they deem appropriate, the Court must then consider the factors[10] of 18 U.S.C. § 3553 (a) to determine the most appropriate sentence for the instant case. *Id*. As such, Mr. Asri asks the Court to impose a sentence of time served based on the following.

**(1) <u>Acceptance of Responsibility and Self Mitigation Efforts.</u>**

Mr. Asri makes no effort to minimize or marginalize the seriousness of his misconduct. Mr. Asri accepts full responsibility for his actions and has done everything in his power to mitigate his wrongdoing.[11] He cooperated with law enforcement at the time of his arrest and all times thereafter. He also conceded to his detention, both initially upon his arrest in California,[12] and subsequently in the District of Rhode Island.[13] Mr. Asri waived his rights to both a preliminary hearing[14] and grand jury indictment.[15] Finally, he consented to the filing of a Criminal

---

[10] To determine an appropriate sentence that is sufficient, but not greater than necessary, the Court shall consider the following:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed:
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
    (5) any pertinent policy statement issued by the Sentencing Commission;
    (6) the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553 (a).

[11] PSR, ¶.5.
[12] PSR, ¶.1.
[13] PSR, ¶.2.
[14] *Id.*
[15] PSR, ¶.4.

Information, entered into a plea agreement with the government, and pleaded guilty for his actions.[16]  By all accounts, his acceptance of responsibility is consistent, genuine, and sincere.

Mr. Asri has spent approximately 15 months at the Wyatt Federal Detention Center. According to correspondence dated February 3 and 21, 2021, he has not received any disciplinary infractions while in pretrial custody (Attachment A).  He also works as a member of the Captains Crew, which is considered a position of trust and responsibility, whereby, when working, he is free to roam throughout the entire Wyatt facility with very little supervision.   This speaks to his character and behavior while at the Wyatt.  He also used his free time to take classes, successfully completing four, and was awarded certification of completion for: (1) Criminal Lifestyles, (2) Adjustment to Incarceration, (3) Turning Points in Modern History, and (4) Living with Others (Attachment B).  All of this supports a conclusion that Mr. Asri is a low risk for recidivism.  He asks the Court to consider his acceptance of responsibility and self-mitigation efforts when adjudging his sentence.

**(2) <u>History and Characteristics of the Defendant.</u>**

**A.  <u>Family</u>**

Mr. Asri is age 34 and was born in Delhi, India.[17]  His father, Harish Kumar, died at age 59 from pancreatic cancer in 2018.[18]  Prior to his passing, he supported his family as a bookie and gambler.[19]  His mother, Anita Asri, was age 51 when she passed away on August 11, 2019, from bile duct cancer.  Prior to her passing, she was a homemaker.[20]   Mr. Asri's father was an alcoholic

---

[16] *Id.*
[17] PSR, ¶.39.
[18] PSR, ¶.41.
[19] *Id.*
[20] *Id.*

who was often physically and mentally abusive to Mr. Asri and his other family members.[21]    As such, Mr. Asri's upbringing was not without challenges.

Mr. Asri has one (1) brother, Jatin Asri, who is age 31, married, and with one child.  He lives in Delhi with his family and sells furniture for a living.  Mr. Asri's relationship with his brother is unfortunately strained, mainly due to Jatin's disappointment in his brother's actions, which have led to his criminal prosecution, incarceration, and separation from his family.  Mr. Asri and his brother have not spoken since his arrest.[22]  This is an important familial relationship that Mr. Asri desperately hopes to repair upon his release from custody and inevitable deportation from the United States back to India.

Mr. Asri is married to Tripti Asri, who is age 32 and lives with her parents.[23]  The couple married in 2010 and have two young children: (1) Miraan Veer Asri, age 6 and (2) Juana Asir, age 9, who suffers from reoccurring urinary tract infections which has been affecting her kidneys.[24] She has been diagnosed with Grade 3 Vesicourenteral Reflux, a condition where the urine flows in the opposite direction – back from your bladder to your ureter and up to the kidneys.  This causes bacteria to pass from the bladder to the kidneys causing infection which leads to kidney damage and scarring, eventually causing kidney failure and high blood pressure.[25]  Because of Mr. Asri's incarceration, he has been physically separated from his family and therefore, unable to assist his wife with raising and caring for the children.  Mr. Asri hopes to reunite with his family as soon as possible, but recognizes he will never regain any of the lost precious moments with his children.

---

[21] PSR, ¶.39.
[22] Id.
[23] PSR, ¶.43.
[24] Id.
[25] https://www.verywellhealth.com/vesicoureteral-reflux-overview-4176303.

The physical separation from his family is an immeasurable consequence for Mr. Asri's actions that exeeds all other forms of punishment that will dissuade him from ever reoffending.

### B. Education and Employment

Mr. Asri is well-educated.  He graduated from high school in 2005.[26]  Thereafter, he earned his bachelor's degree in 2008 from Delhi University, School of Open Learning.[27]  He then started to take classes towards his master's degree.  However, he left school to work full-time to provide for his family.[28]  Prior to his arrest, Mr. Asri earned a living by buying used commercial and passenger vehicles from banks and selling them to car dealers.[29]  He made an average living of $2,000 per month and was able to support his family.[30]  Mr. Asri, upon his return to India, is hopeful to put his education and experience to constructive use in terms of searching for and securing meaningful employment so he may begin repaying the restitution, costs and/or fines this Court may order as part of his anticipated sentence.  While the Court may potentially view his education and work experience as aggravating factors, they show that Mr. Asri has the ability to find both suitable employment and a constructive place in society, such that he will not return to criminal activity as a means to earn money.

### (3) The Need for the Sentence Imposed to Reflect the Seriousness of the Offense.

Mr. Asri's admitted actions amount to serious misconduct by any measure.   While the Defense concedes that punishment for his actions is certainly warranted, it does not believe the government's recommendation of 54 months or the advisory USSG range of 63-78 months[31] provide for a reasonable sentence, when considering the characteristics of this particular defendant.

---

[26] PSR, ¶.40.
[27] PSR, ¶¶.40 and 52.
[28] PSR, ¶.52.
[29] PSR, ¶.53.
[30] *Id.*
[31] PSR, ¶.57.

At the time of sentencing, Mr. Asri will have served approximately 15 months in prison.[32]  As a first-time offender, this period of time in jail has felt like a lifetime.

The time served in prison by Mr. Asri has been while away from his family.  Because he is an Indian National, he does not have any family, friends, or support in the United States.  This means that for however long he remains in prison, he will be unable to receive visitation from his loved ones.  This makes any period of incarceration particularly punitive for Mr. Asri.

### (4) **COVID-19 Conditions of Mr. Asri's Pretrial Incarceration.**

The past 15 months of incarceration for Mr. Asri have been during the COVID-19 pandemic.   He contracted the virus in the Wyatt on or about October 23, 2020 (Attachment C).  In addition to getting the corona virus, life behind bars has been particularly arduous for inmates during this unprecedent time.   Due to measures and protocols implemented to limit the transmission of the virus within prison facilities, inmates have been unable to participate in programs, attend religious services, receive ounseling, or participate in daily recreational time outside their cells and at times, even outdoors.  The time served by Mr. Asri has been hard time under tense and highly restrictive conditions not typical of normal times at the Wyatt.   Mr. Asri asks the Court to take this into consideration when imposing sentence.[33]

### (5) **Immigration Consequences and Disparate Sentencing Treatment.**

Mr. Asri is not a U.S. citizen.  As such, he is subject to deportation upon completing his jail sentence.  *See Jordan v. De George*, 341 U.S. 223, 232 (1951) (Jackson, J.) (deportation is "a life sentence of banishment in addition to the punishment which a citizen would suffer from the

---

[32] https://www.timeanddate.com/date/durationresult.html?m1=01&d1=21&y1=2020&m2=03&d2=22&y2=2021&ti=on.

[33] In the matter of *United States v. Esperitusanto*, Case No. 19-CR-10136-ADB, on January 29, 2021, the Honorable Allison D. Burroughs in the District of Massachsuetts sentenced a Defendant, who had spent 23 months in pretrial custody at the Wyatt, to 33 months of incarceration where the applicable advisory guidelines range was 46 to 57 months.   The Court imposed the 13-point variance, or 28% discount from the bottom end of the range because the Defendant both contracted COVID-19 and spent time incarcerated during the pandemic, under arduous and extraordinarily restrictive conditions.

identical acts."). Mr. Asri stipulates to his removal from the United States and deportation to India. He asks that this consequence be imposed against him as soon as possible following his sentence. *See United States v. Szanto*, 2007 WL 3374399 (N.D. Ill. Nov. 8, 2007) (district court granted downward department variance based on, among other things, defendant's agreement to be deported).

Non-citizen offenders are rarely, if ever, eligible for early release, supervised release, or similar programs. *See e.g., United States v. Navarro-Diaz*, 420 F.3d 581 (6th Cir. 2005) (district court noted defendant would be punished more than a citizen due to ineligibility for six-month half way house at end of term); *United States v. Pacheco-Soto*, 386 F. Supp. 2d 1198 (D.N.M. 2005) (deportable alien convicted of drug crime sentenced to 60 months, rather than minimum guideline term of 74 months, in light of his ineligibility for early release, minimum security prison, or credits for participation in residential drug or alcohol abuse program).

Non-citizens are also subject to a disparate sentencing impact due to their ineligibility to take advantage of BOP programs designed to reward rehabilitiative efforts with reductions in time spent incarcerated. Mr. Asri is ineligible for any benefits under the First Step Act's 33% good time allowance (which can increase to 50% after a successful review of performance in evidence-based programs). 18 U.S.C. § 3632(d)(4) and (5). There is no explanation or policy as to why foreign nationals should serve longer sentences than U.S. Citizens for committing the same crimes. Mr. Asri asks the Court to take this all into consideration when adjudging his sentence.

### III.    ATTACHMENTS

A. Wyatt Good Conduct Letters;

B. Certificates of Program Completion;

C. Proof of Positive COVID-19 Test Results;

D. Daughter's Medical Report;

E. Parents' Death Certificates;

F. Statements of Support;[34]

G. Photographs.

## IV.    **CONCLUSION**

Based upon the foregoing, Mr. Asri respectfully asks the Court to impose a sentence of 24 months, which he contends is "sufficient, but not greater than necessary" to achieve the objectives of 18 U.S.C. § 3553 (a).

Respectfully submitted on this 13th day of April 2021.

Respectfully submitted,
Defendant,
Himanshu Asri
By his Counsel


/s/ John L. Calcagni III, Esq.
John L. Calcagni III (# 6809)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Suite 300
Providence, RI 02903
Phone: (401) 351.5100
Fax: (401) 351.5101
Email:  jc@calcagnilaw.com

---

[34] The Defense acknowledges that the attached letters are not signed.  However, they were received by email directly from Mr. Asri's friends and family in India.

## **CERTIFICATION**

       I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on April 13, 2021.


/s/ John L. Calcagni III, Esq.
John L. Calcagni III (# 6809)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Third Floor
Providence, RI 02903
Phone: (401) 351.5100
Fax: (401) 351.5101
Email:  jc@calcagnilaw.com